IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

ROGER DEWITT,                         )
                                      )
          Plaintiff,                  )
                                      )
VS.                                   )      NO.    3:13-cv-513 JGP-SCW
                                      )
DAVID SCHNEIDEWIND,                   )      JURY TRIAL DEMANDED
                                      )
          Defendants.                 )

COMPLAINT AT LAW

COMES NOW the Plaintiff, ROGER DEWITT, by and through his attorneys,

Polinske & Associates, P.C., and Brian L. Polinske, and in support of his complaint

states the following:

1.      The Plaintiff is an individual residing within Madison County, Illinois.

2.      Defendant SCHNEIDEWIND is an individual residing within Madison
        County, Illinois.  Further, upon information and belief, Defendant
        SCHNEIDEWIND for all relevant times was a deputy with the Madison
        County Sheriff's Department.

3.      On December 24, 2012 Defendant DAVID SCHNEIDEWIND, while working
        as a Madison County Sheriff's deputy, completed a misdemeanor
        complaint and prepared a warrant of arrest.  The charge (Madison County
        Case No. 12-CM-4224) listed the Plaintiff as the suspect.  See attached
        Plaintiff's 1.

4.      On December 26, 2012 Defendant SCHNEIDEWIND, or another deputy
        acting on his behalf, presented the complaint to Judge Dan Flack who
        issued an arrest warrant for the Plaintiff.  It was entered into law

enforcement computer data base indicating the Plaintiff was wanted on the warrant which accompanied the misdemeanor complaint.  (See Plaintiff's 2 & 3attached hereto).

5.      At the time the charge and warrant request were issued to the presiding judge, the Defendant knew, or should have reasonably known, that the person who committed the offense complained of was not the Plaintiff.

6.      On or about January 14, 2013, the Plaintiff was at his residence, located in Madison County, Illinois.  In so doing,  the Plaintiff was at home with his family.  Another Madison County deputy sheriff made contact with the Plaintiff and arrested him based solely upon the warrant erroneously issued at Defendant SCHNEIDEWIND's request.

7.      At no relevant time did the Plaintiff commit any violation of law.

8.      At the time he was arrested there was no probable cause to believe he had committed any violation of law.

9.      Despite the fact that no probable cause existed for his arrest the Plaintiff was arrested and remained in custody.

10.     After his arrest he was released but not informed that he had been charged with a criminal misdemeanor by Defendant SCHNEIDEWIND. The Madison County Sheriff's Department in conjunction with the Madison County States Attorney's Office created and presented a proposed Petition and Order to Expunge the criminal charge to Judge Dan Flack, who entered an Order granting the Petition to Expunge.  No petition to expunge was ever approved by the Plaintiff nor did any person

2

seek the Plaintiff's approval prior to filing the Petition to Expunge in

Madison County Circuit Court.  The petition was unilaterally filed by the

State at the Madison County Sheriff's request to "cover their tracks"

regarding the botched issuance of the charge and warrant against the

Plaintiff.

11.     The Defendant has incurred attorney's fees and costs in the prosecution

of this lawsuit.  He requests an award of fees and costs pursuant to

Section 1988.

COUNT I – FALSE ARREST
Versus Defendant SCHNEIDEWIND

In support of this count of his complaint the Plaintiff restates and realleges

paragraphs 1 through 11 *infra*.

12.     This action is brought pursuant to 42 U.S.C. 1983.

13.     The Fourth Amendment to the United States Constitution states "The

right of the people to be secure in their persons, houses, papers, and

effects, against unreasonable searches and seizures, shall not be violated,

and no warrants shall issue, but upon probable cause, supported by oath

or affirmation, and particularly describing the place to be searched, and

the persons or things to be seized."

14.     At all times relevant Defendant SCHNEIDEWIND acted under color of law

in that he was a sworn officer of Madison County Sheriff's department.

15.     Defendant SCHNEIDEWIND caused the Plaintiff's arrest for the offense of

Violation of Bail Bond.

3

16.     At the time of the arrest Defendant SCHNEIDEWIND had no probable

cause to cause the Plaintiff's arrest.  Accordingly, his Fourth Amendment

right against unreasonable seizure was violated.

WHEREFORE, the Plaintiff prays for judgment in his favor and against Defendant

SCHNEIDEWIND, an award of damages, punitive damages, attorney's fees and costs

and any other relief to which he may be entitled.


Respectfully submitted,
Polinske & Associates, P.C.,


/s  Brian L. Polinske
Attorney for Plaintiff

Brian L. Polinske
701 North Main Street
Edwardsville, IL 62025
06211450
618.692.6520
06211450